IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JENNIFER BREVOORT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.: 08 CV 0105 |
| ) | |
| RELIANT PHARMACEUTICALS, INC. ) | Judge Castillo |
| and GLAXOSMITHKLINE, Successor to ) | Magistrate Judge Brown |
| Reliant, ) | |
| ) | |
| Defendants. ) | |

## DEFENDANT RELIANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant Reliant Pharmaceuticals, Inc., ("Reliant"), by its attorneys, states as follows in answer to the allegations against it.  Reliant further states that it without knowledge or information sufficient to form a belief as to the truth of the allegations against defendant GlaxoSmithKline.

1. This is an action for employment discrimination.

**ANSWER:** Defendant Reliant admits that this is an action alleging employment discrimination, but denies each and every other allegation in Paragraph 1 of the complaint.

2. The plaintiff is Jennifer Brevoort of the county of DuPage in the state of Illinois.

**ANSWER:** Defendant Reliant admits the allegations in Paragraph 2 of the complaint.

3. The defendant is (1) Reliant Pharmaceuticals, Inc. (2) GlaxoSmithKline, whose street address is (1) 110 Allen Rd. (2) One Franklin Plaza, POB 7929, (city) (1) Liberty Corner (2) Philadelphia (county) (1) Somerset (2) Philadelphia (state) (1) NJ (2) PA (ZIP) (1) 07938 (2) 19101-7929 (Defendant's telephone number) (1) (908) 580-1200 (2) (215) 751-4000.

- 1 -

**ANSWER:** Defendant Reliant admits the allegations against it in paragraph 3 of the complaint.

4. The plaintiff sought employment or was employed by the defendant at (street address) 22W502 Balsam Dr. (city) Glen Ellyn (county) DuPage (state) IL (ZIP code) 60137.

**ANSWER:** Defendant Reliant admits the allegations against it in paragraph 4 of the complaint, specifically that the plaintiff was employed by the defendant from about May 2003 until October 25, 2006, and her office of employment was at 22W502 Balsam Drive, Glen Ellyn (county of DuPage), Illinois, zip code 60137.

5. The plaintiff was employed but is no longer employed by the defendant.

**ANSWER:** Defendant Reliant admits the allegations against it in paragraph 5 of the complaint.

6. The defendant discriminated against the plaintiff on or about or beginning on or about, (month) October, (day) 25, (year) 2006.

**ANSWER:** Defendant Reliant denies the allegations against it in Paragraph 6 of the complaint.

7. The defendant is not a federal governmental agency, and the plaintiff has filed a charge or charges against the defendant asserting the acts of discrimination indicated in this complaint with any of the following government agencies the United States Equal Employment Opportunity Commission, on or about (month) November (day) 7th (year) 2006. A copy of the charge is attached. It is the policy of both the Equal Employment Opportunity Commission and the Illinois Department of Human Rights to cross-file with the other agency all charges received. The plaintiff has no reason to believe that this policy was not followed in this case.

**ANSWER:** Defendant Reliant admits that it is not a federal government agency and that the plaintiff filed a charge of age discrimination against Reliant with the Equal Employment Opportunity Commission on or about November 7, 2006. Defendant is without knowledge or information sufficient to form a belief as to the allegations that it is the policy of both the Equal Employment Opportunity Commission and the Illinois Department of Human Rights to cross-file with the other agency all charges received and that the plaintiff has no reason to believe that this policy was not followed in this case. Defendant Reliant denies each and every other allegation against it in paragraph 7 of the complaint.

8. The United States Equal Employment Opportunity Commission has issued a Notice of Right to Sue, which was received by the plaintiff on (month) October (day) 20, (year) 2007 a copy of which Notice is attached to this complaint.

**ANSWER:** Defendant Reliant admits based on information attached to the complaint that the United States Equal Employment Opportunity Commission has issued the plaintiff a Notice of Right to Sue Defendant Reliant, which is attached to the complaint. Defendant Reliant is without knowledge sufficient to form a belief as to the truth of the allegation that plaintiff received a Notice of Right to Sue on October 20, 2007.

9. The defendant discriminated against the plaintiff because of the plaintiff's age (Age Discrimination Employment Act).

**ANSWER:** Defendant Reliant denies each and every allegation against it in Paragraph 9 of the complaint.

10. If the defendant is a state, county, municipal (city, town or village) or other local governmental agency plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. § 1983).

**ANSWER:** Defendant Reliant denies the allegations against it in Paragraph 10 of the complaint.

11. Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C. § l33l, 28 U.S.C. § 1343(a)(3), and 42 U.S.C. § 2000e-5(f)(3); for 42 U.S.C. § 1981 and §1983 by 42 U.S.C. § 1988; for the A.D.E.A. by 42 U.S.C. § 12117; for the Rehabilitation Act, 29 U.S.C. § 791.

**ANSWER:** Defendant Reliant denies that the court has subject matter jurisdiction under all of the statutes pleaded in paragraph 11 of the complaint and, in any event, whether the court has subject matter jurisdiction is a legal matter that does not require an answer.

12. The defendant terminated the plaintiff's employment.

**ANSWER:** Defendant Reliant admits that it terminated the plaintiff's employment on October 25, 2006 and further states that it did not violate any laws in doing so.

13. The facts supporting the plaintiff's claim of discrimination are as follows: The defendant, Reliant Pharmaceuticals, fired plaintiff on October 25, 2006, despite the fact that plaintiff was doing her job properly and effectively. At the time, plaintiff was 41 years of age and Reliant assigned the bulk of plaintiff's territory and responsibilities to an employee who was substantially younger. Defendant, GlaxoSmithKline is a successor to the defendant Reliant, is and has been aware of plaintiff's claims and is responsible for Reliant's unlawful actions toward plaintiff.

**ANSWER:** Defendant Reliant admits that it terminated the plaintiff on October 25, 2006 and that plaintiff was 41 years old at the time. Defendant Reliant denies each and every other allegation against it in paragraph 13 of the complaint.

14. Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

**ANSWER**: Defendant Reliant denies the allegations contained in Paragraph 14.

15. The Plaintiff demands that the case be tried by a jury.

**ANSWER**: Paragraph 15 does not contain a fact allegation that requires an answer.

16. Therefore, the plaintiff asks that the court grant the following relief to the plaintiff: Direct the defendant to hire the plaintiff; Direct the defendant to re-employ the plaintiff; If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees; and Grant such other relief as the Court may find appropriate.

**ANSWER**: Defendant denies that the plaintiff is entitled to the requested relief.

## **AFFIRMATIVE DEFENSES**

Defendant Reliant pleads the following affirmative defenses:

1. Plaintiff has failed to state a claim upon which relief may be granted.

2. Plaintiff has failed to mitigate her damages, if any.

3. Defendant had a legitimate, non-discriminatory basis for any decisions regarding plaintiff's employment.

4. Plaintiff's Complaint is barred by the doctrines of laches, waiver and estoppel.

5. The Complaint is barred because plaintiff failed to exhaust her administrative remedies.

6. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of

- 6 -

limitations.

7.   The Complaint is barred because plaintiff did not suffer any legally cognizable damages attributable to any allegedly wrongful conduct by Reliant.

8.   The defendant cannot be held liable for alleged discrimination on the basis of age because plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by the defendant to otherwise avoid harm.

9.   At all relevant times, the defendant had in place a policy prohibiting discrimination on the basis of age and had in place procedures for reporting acts of discrimination to Reliant. Although plaintiff was aware of Reliant's policies and procedures relating to the reporting of discrimination, she failed to report acts of alleged discrimination to the defendant.

10.   Plaintiff's claims are barred, in whole or in part, to the extent that they exceed the scope of or are inconsistent with the charge of discrimination plaintiff filed with the Equal Employment Opportunity Commission.

11.   Defendant's actions with respect to plaintiff were job-related and consistent with business necessity.

12.   Defendant's actions with respect to the plaintiff were based upon a reasonable factor other than age.

13.   Plaintiff cannot recover punitive damages because, at all relevant times, Defendant made a good-faith effort to comply with all applicable anti-discrimination statutes.

14.   Plaintiff's damages are barred in whole or in part by the doctrine of after-acquired evidence.

15.   Plaintiff engaged in misconduct or wrongful conduct and/or illegal conduct in the

course of performing her job duties.

**WHEREFORE,** Defendant Reliant demands judgment dismissing the Complaint against it, and awarding to Reliant the attorneys' fees, costs and disbursements of this action and such other relief as the Court may deem appropriate.

Dated: February 14, 2008            Respectfully submitted,

                                              Reliant Pharmaceuticals, Inc.

                                              By: /s  Stephanie A. Scharf
                                                   One of its Attorneys
                                                   Stephanie A. Scharf - Atty. No.:  06191616
                                                   Joan E. Slavin – Atty. No.: 6207633
                                                   Schoeman Updike Kaufman & Scharf
                                                   333 W. Wacker Dr.
                                                   Suite 300
                                                   Chicago, IL 60606
                                                   Telephone: (312) 726-6000
                                                   Facsimile: (312) 726-6045