IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JENNIFER BREVOORT, | ) |
| Plaintiff, | ) |
| vs. | ) Case No.: 08 CV 0105 |
| RELIANT PHARMACEUTICALS, INC. and GLAXOSMITHKLINE, Successor to Reliant, | ) Judge Castillo<br>) Magistrate Judge Brown |
| Defendants. | ) |

## DEFENDANT GLAXOSMITHKLINE'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant GlaxoSmithKline ("GSK"), by its attorneys, states as follows in answer to the allegations against it. GSK states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations against Defendant Reliant.

1. This is an action for employment discrimination.

**ANSWER:** Defendant GSK admits that this is an action alleging employment discrimination, but denies every other allegation against it in Paragraph 1.

2. The plaintiff is Jennifer Brevoort of the county of DuPage in the state of Illinois.

**ANSWER:** Defendant GSK admits, upon information and belief, the allegations against it in Paragraph 2.

3. The defendant is (1) Reliant Pharmaceuticals, Inc. (2) GlaxoSmithKline, whose street address is (1) 110 Allen Rd. (2) One Franklin Plaza, POB 7929, (city) (1) Liberty Corner (2) Philadelphia (county) (1) Somerset (2) Philadelphia (state) (1) NJ (2) PA (ZIP) (1) 07938 (2) 19101-7929 (Defendant's telephone number) (1) (908) 580-1200 (2) (215) 751-4000.

- 1 -

**ANSWER:**    Defendant GSK admits that "GlaxoSmithKline" is the d/b/a name of SmithKline Beecham Corporation, and that GSK has been named as a defendant in this action. Defendant GSK further admits that it has offices at One Franklin Plaza, POB 7929, City of Philadelphia, County of Philadelphia, Pennsylvania 07938, telephone number 215-751-4000. GSK denies the remaining allegations against it in Paragraph 3, and specifically denies that it is a proper defendant in this case because, among other things, it neither hired nor took any other employment action with regard to Jennifer Brevoort and is not a successor to defendant Reliant Pharmaceuticals, Inc. ("Reliant").

4.    The plaintiff sought employment or was employed by the defendant at (street address) 22W502 Balsam Dr. (city) Glen Ellyn (county) DuPage (state) IL (ZIP code) 60137.

**ANSWER:**    Defendant GSK denies the allegations against it in paragraph 4, and specifically denies that it ever employed the plaintiff.

5.    The plaintiff was employed but is no longer employed by the defendant.

**ANSWER:**    Defendant GSK denies the allegations against it in paragraph 5, and specifically denies that that it ever employed the plaintiff.

6.    The defendant discriminated against the plaintiff on or about or beginning on or about, (month) October, (day) 25, (year) 2006.

**ANSWER:**    Defendant GSK denies the allegations against it in Paragraph 6.

7.    The defendant is not a federal governmental agency, and the plaintiff has filed a charge or charges against the defendant asserting the acts of discrimination indicated in this complaint with any of the following government agencies the United States Equal Employment Opportunity Commission, on or about (month) November (day) 7th (year) 2006. A copy of the charge is attached. It is the policy of both the Equal Employment Opportunity Commission and

the Illinois Department of Human Rights to cross-file with the other agency all charges received. The plaintiff has no reason to believe that this policy was not followed in this case.

**ANSWER:** With respect to the allegations directed against it, defendant GSK admits that it is not a federal government agency. Defendant is without knowledge or information sufficient to form a belief as to the allegations that it is the policy of both the Equal Employment Opportunity Commission and the Illinois Department of Human Rights to cross-file with the other agency all charges received and that the plaintiff has no reason to believe that this policy was not followed in this case. Defendant GSK denies all of the remaining allegations against it, and specifically denies that plaintiff filed a charge of discrimination against GSK with the Equal Employment Opportunity Commission on or about November 7, 2006.

8. The United States Equal Employment Opportunity Commission has issued a Notice of Right to Sue, which was received by the plaintiff on (month) October (day) 20, (year) 2007 a copy of which Notice is attached to this complaint.

**ANSWER:** Defendant GSK admits based on information attached to the complaint that the United States Equal Employment Opportunity Commission has issued plaintiff a Notice of Right to Sue Defendant Reliant. Defendant GSK is without knowledge sufficient to form a belief as to the truth of the allegation that plaintiff received a Notice of Right to Sue on October 20, 2007. Defendant GSK denies each and every other allegation against it in Paragraph 8.

9. The defendant discriminated against the plaintiff because of the plaintiff's age (Age Discrimination Employment Act).

**ANSWER:** Defendant GSK denies each and every allegation against it in Paragraph 9.

10. If the defendant is a state, county, municipal (city, town or village) or other local governmental agency plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. § 1983).

**ANSWER:** Defendant GSK denies all of the allegations in Paragraph 10 of the complaint.

11. Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C. § l33l, 28 U.S.C. § 1343(a)(3), and 42 U.S.C. § 2000e-5(f)(3); for 42 U.S.C. § 1981 and §1983 by 42 U.S.C. § 1988; for the A.D.E.A. by 42 U.S.C. § 12117; for the Rehabilitation Act, 29 U.S.C. § 791.

**ANSWER:** Defendant GSK denies that the court has subject matter jurisdiction over GSK under the statutes pleaded in paragraph 11 of the complaint and, in any event, whether the court has subject matter jurisdiction is a legal matter that does not require an answer.

12. The defendant terminated the plaintiff's employment.

**ANSWER:** Defendant GSK denies the allegations against it in paragraph 12 and specifically denies that it ever employed the plaintiff or terminated the plaintiff's employment.

13. The facts supporting the plaintiff's claim of discrimination are as follows: The defendant, Reliant Pharmaceuticals, fired plaintiff on October 25, 2006, despite the fact that plaintiff was doing her job properly and effectively. At the time, plaintiff was 41 years of age and Reliant assigned the bulk of plaintiff's territory and responsibilities to an employee who was substantially younger. Defendant, GlaxoSmithKline is a successor to the defendant Reliant, is and has been aware of plaintiff's claims and is responsible for Reliant's unlawful actions toward plaintiff.

**ANSWER:**    Defendant GSK admits that it received a letter dated November 29, 2007, from a lawyer who at the time stated that he represented Jennifer Brevoort and purported to put GSK on notice of the charge filed by Jennifer Brevoort against Reliant.   Defendant GSK denies the other allegations against it in Paragraph 13.

14.    Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

**ANSWER**:    Defendant GSK denies the allegations contained in Paragraph 14.

15.    The Plaintiff demands that the case be tried by a jury.

**ANSWER**:    Paragraph 15 does not contain a fact allegation that requires an answer.

16.    Therefore, the plaintiff asks that the court grant the following relief to the plaintiff:  Direct the defendant to hire the plaintiff; Direct the defendant to re-employ the plaintiff;  If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees; and Grant such other relief as the Court may find appropriate.

**ANSWER**:  Defendant denies that the plaintiff is entitled to the requested relief.

## **AFFIRMATIVE DEFENSES**

Defendant GSK pleads the following affirmative defenses:

1.    Plaintiff has failed to state a claim upon which relief can be granted.

2.    The complaint is barred because plaintiff failed to exhaust her administrative remedies.

3.    Plaintiff's claim is barred, in whole or in part, by the applicable statutes of limitations.

4. The court lacks subject matter jurisdiction over the complaint.

5. Plaintiff has failed to mitigate her damages, if any.

6. Plaintiff's complaint is barred by the doctrines of laches, waiver and/or estoppel.

7. The Complaint is barred, in whole or in part, because plaintiff did not suffer any legally cognizable damages attributable to any allegedly wrongful conduct.

8. Plaintiff's claim is barred, in whole or in part, to the extent that it exceeds the scope of or is inconsistent with the charge of discrimination she filed with the Equal Employment Opportunity Commission.

9. Defendant GSK was never the employer of the plaintiff and is not the successor employer to Reliant, hence GSK cannot be subject to liability to the plaintiff under the Age Discrimination in Employment Act.

10. In the alternative, and to the extent GSK is deemed to be a successor to Reliant, GSK also adopts all of the affirmative defenses pleaded by Reliant in its answer to the complaint.

**WHEREFORE,** Defendant GSK demands judgment dismissing the Complaint against it, and awarding to GSK the attorneys' fees, costs and disbursements of this action and such other relief as the Court may deem appropriate.

Dated: February 14, 2008

Respectfully submitted,

GlaxoSmithKline

By: /s  Stephanie A. Scharf
    One of its Attorneys
    Stephanie A. Scharf - Atty. No.:  06191616
    Joan E. Slavin – Atty. No.: 6207633
    Schoeman Updike Kaufman & Scharf
    333 W. Wacker Dr., Suite 300
    Chicago, IL 60606
    Telephone: (312) 726-6000
    Facsimile: (312) 726-6045