UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JENNIFER BREVOORT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.: 08 CV 0105 |
| ) | |
| RELIANT PHARMACEUTICALS, INC. ) | Judge Ruben Castillo |
| and GLAXOSMITHKLINE, Successor to ) | Magistrate Judge Brown |
| Reliant, ) | |
| ) | |
| Defendants. ) | |

## JOINT INITIAL STATUS REPORT

Pursuant to this Court's Instructions for Initial Status Report, Plaintiff Jennifer Brevoort and Defendants Reliant Pharmaceuticals, Inc. ("Reliant") and SmithKline Beecham Corporation d/b/a GlaxoSmithKline ("GSK") submit the following Initial Status Report.

**A.   Nature of the Case**

1. **Description of Claim and Defense.**   This is a case alleging age discrimination brought under the Age Discrimination in Employment Act.  Plaintiff was employed by Defendant Reliant as a Pharmaceutical Sales Representative from May 2003 until her termination on October 25, 2006. Plaintiff contends her termination was on the basis of her age, 41.  Defendants deny age discrimination and state that Reliant terminated Plaintiff's employment due to her improper off-label marketing of a prescription medical product.  There are no counterclaims filed by Defendants against the Plaintiff in this action. All parties in this case have been served.

2. **Basis for Federal Jurisdiction.**  Jurisdiction for ADEA cases lies in federal courts pursuant to 42 U.S.C. Section 12117.

3. **Relief Sought by Plaintiff.**  Plaintiff seeks lost wages, stock appreciations, punitive damages, pain and suffering including emotional and physical health and reinstatement.  Plaintiff has estimated the value of her claims damages to be at least $250,000.

1

4. **Major Legal Issues.**  Defendants offer the issue of whether as a matter of law plaintiff can state a triable prima facie case or raise a genuine issue of fact on each material issue.

5. **Major Factual Issues.**  Whether age motivated the plaintiff's termination under the direct or indirect method of proof; whether Defendants can articulate a legitimate, non-discriminatory reason for Plaintiff's termination such as plaintiff's improper off-label marketing of a prescription medical product; whether Plaintiff can prove that Defendant's articulated non-discriminatory reason for Plaintiff's termination is a pretext for age discrimination; whether Plaintiff has suffered any damages.

6. **Key Authorities for Plaintiff**:  The plaintiff has not provided any authorities to the defendants.

7. **Key Authorities for Defendants**:  Key authorities include, among others, Luks v. Baxter Healthcare Corp., 467 F.3d 1049 (7th Cir. 2006), cert. denied, 127 S. Ct. 2251 (2007); Lewis v. Ziker Cleaners, 182 Fed.Appx. 577 (7th Cir. 2006); Schultz v. Varian Medical Systems, Inc., 315 F. Supp. 2d 923 (N.D. Ill. 2004); Miller v. Administar Federal, Inc., 179 Fed.Appx. 967 (7th Cir. 2006); Kodl v. Board of Education, 490 F. 3d 558 (7th Cir. 2007); Mikicich v. Chicago Mercantile Exchange, Inc., 2006 WL 1519327 (N.D. Ill. 2006); Davico v. GSK, 2007 WL 2984014 (D. Or. 2007); Ramirez v. Boehringer Pharmaceuticals, 425 F.3d 67 (1st Cir. 2005).

B. **Draft Scheduling Order**

| Event | Date |
| --- | --- |
| Joinder and Amendment of Pleadings | March 15, 2008 |
| Close of Fact Discovery | May 30, 2008 |

Date assumes that written discovery is served shortly after the March 5 status conference and timely responded to, the plaintiff is deposed within weeks after responses to written discovery are provided, and the plaintiff does not intend to take any depositions.

| | |
| --- | --- |
| Summary Judgment Motions Filed | June 30, 2008 |
| Close of Expert Discovery (if needed) | July 30, 2008 |

| | |
|---|---|
| Joint Pre-Trial Order | 30 days after SJ motions decided |
| Final Pretrial Conference | To be set by the Court |
| Trial | To be set by the Court |

The parties agree that documents and information provided by Defendants to Plaintiff which either contain personnel information relating to employees other than Plaintiff or contain business confidential information will be produced pursuant to an appropriate Protective Order.

  C. **Trial Status.** Plaintiff has requested a Jury Trial in this case.  If the case proceeds to trial, the parties estimate that the trial would take three days.

  D. **Consent to Proceed Before A Magistrate Judge.** At this time, the parties have not jointly consented to proceed before a Magistrate Judge.

  E. **Settlement Status.** The plaintiff and defense counsel have discussed plaintiff's settlement position in the context of her valuation of the case but the parties have not engaged in formal settlement talks.

 Plaintiff has informed defense counsel's office that plaintiff is not able to sign electronically.  Plaintiff has authorized the filing of this document as a Joint Initial Status Report.

 Respectfully submitted,

PLAINTIFF JENNIFER BREVOORT  DEFENDANTS RELIANT PHARMACEUTICALS, INC. AND SMITHKLINE BEECHAM CORPORATION D/B/A GLAXOSMITHKLINE

                  By: /s/ Stephanie A. Scharf

Stephanie A. Scharf - Atty. No.:  06191616
Joan E. Slavin – Atty. No.: 6207633
Schoeman Updike Kaufman & Scharf
333 W. Wacker Dr., Suite 300
Chicago, IL 60606
Telephone: (312) 726-6000
Facsimile: (312) 726-6045
Attorneys for Defendants

## CERTIFICATE OF SERVICE

I, Stephanie A. Scharf, an attorney, hereby certify that I caused the foregoing **Joint Initial Status Report** to be served on plaintiff identified below by first class mail, this 4th day of March, 2008.

> Jennifer Brevoort
> 22w502 Balsam Dr.
> Glen Ellyn, IL 60137

> /s Stephanie A. Scharf
> Attorney for Reliant Pharmaceuticals, Inc.
> and SmithLline Beecham Corporation d/b/a
> GlaxoSmithKline

Stephanie A. Scharf - Atty. No.:  06191616
Joan E. Slavin – Atty. No.: 6207633
Schoeman Updike Kaufman & Scharf
333 W. Wacker Dr., Suite 300
Chicago, IL 60606
Telephone: (312) 726-6000
Facsimile: (312) 726-6045