THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JENNIFER BREVOORT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.: 08 CV 0105 |
| ) | |
| RELIANT PHARMACEUTICALS, INC. ) | Judge Castillo |
| and GLAXOSMITHKLINE, Successor to ) | Magistrate Judge Brown |
| Reliant, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT GLAXOSMITHKLINE'S ANSWER
AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT**

Defendant GlaxoSmithKline ("GSK"), by its attorneys, states as follows in answer to the allegations against it. In answer to each allegation, GSK states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations against Defendant Reliant.

1. This is an action for damages and declaratory and injunctive relief to redress deprivations of Plaintiff's rights in violation of the Age Discrimination in Employment Act ("ADEA"), as amended, 29 U.S.C. § 621 et seq.

**ANSWER:** Defendant GSK admits that this action seeks to recover damages, declaratory, and injunctive relief under the Age Discrimination in Employment Act, as amended, 29 U.S. C. § 621 et seq., but denies every other allegation against it in Paragraph 1.

2. Jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 626(c)(1) and 28 U.S.C. §§ 1331 and 1343(3).

**ANSWER:** Defendant GSK denies that the court has subject matter jurisdiction over GSK under the statute pleaded in Paragraph 1 of the Complaint, and, in any event, whether the court has subject matter jurisdiction is a legal matter that does not require an answer.

3. The unlawful employment practices that are the subject of this lawsuit occurred in the Northern District of Illinois. Venue is, therefore, proper within this judicial district.

**ANSWER:** Defendant GSK admits that venue is proper within this judicial district, but denies every other allegation against it in Paragraph 3.

4. Plaintiff JENNIFER BREVOORT is a forty-one (41) year old citizen of the United States and a resident of the State of Illinois. Plaintiff was employed by Defendant from May 2003 to October 25, 2006 and, at all times relevant herein, was an employee within the meaning of 28 U.S.C. § 630(f).

**ANSWER:** Defendant GSK admits, upon information and belief, that Plaintiff Jennifer Brevoort is a forty-one year old citizen of the United Sates and a resident of the State of Illinois. Defendant denies every other allegation against it in Paragraph 1.

5. At all times relevant here, Defendant Reliant was headquartered at 110 Allen Road, Liberty Corner, New Jersey and was authorized to do business in the State of Illinois. Defendant was Plaintiff's employer within the meaning of 29 U.S.C. § 630(b). Reliant was acquired by GlaxoSmithKline, headquartered at One Franklin Plaza, Philadelphia, Pennsylvania, who is also named as a defendant herein. GlaxoSmithKline is Reliant's successor for purposes of this lawsuit. Collectively, Reliant and GlaxoSmithKline are referred to as "Defendant" in this First Amended Complaint.

**ANSWER:** Defendant GSK admits that it is headquartered at One Franklin Plaza, Philadelphia, Pennsylvania, that it is named as a defendant in this lawsuit, that it acquired

Defendant Reliant in December of 2007, and that Plaintiff collectively refers to Reliant and GSK as Defendant in this Complaint.  Whether Defendant GSK is Defendant Reliant's successor under the ADEA for purposes of this case is a legal matter that does not require an answer.  Defendant denies every other allegation against it in Paragraph 5.

6.    On November 7, 2006, Plaintiff timely filed a charge of age discrimination (Charge No. 440-2007-00940) with the Equal Employment Opportunity Commission ("EEOC"), which was cross-filed with the Illinois Department of Human Rights.  Plaintiff, thus, exhausted her administrative remedies under the ADEA.

**ANSWER:**    Defendant GSK admits that on November 7, 2006, Plaintiff filed a charge of age discrimination with the Equal Employment Opportunity Commission and admits, upon information and belief, that this charge was cross-filed with the Illinois Department of Human Rights.  Defendant denies every other allegation against it contained in Paragraph 6, and specifically denies that Plaintiff filed a charge of discrimination against GSK.

7.    The EEOC found reasonable cause to believe that Defendant discriminated against Plaintiff and issued a Notice of Right-to-Sue on October 18, 2007.  A copy of the applicable Notice is attached hereto as Exhibit A and made a part hereof.

**ANSWER:**    Defendant GSK admits that the EEOC issued Plaintiff a Right to Sue notice on October 18, 2007, a copy of which is attached as Exhibit A to the Complaint.  Defendant denies every other allegation against it contained in Paragraph 7, and specifically denies that the EEOC found reasonable cause that Defendant discriminated against Plaintiff.

8.    Plaintiff filed this lawsuit pro se within ninety (90) days of receipt of the Notice of Right-to-Sue referenced above.

**ANSWER:**    Defendant GSK admits the allegations contained in Paragraph 8.

9. Defendant hired Plaintiff in May 2003. Plaintiff was terminated as a Professional Sales Representative on October 25, 2006.

**ANSWER:** Defendant GSK denies the allegations against it contained in Paragraph 9.

10. Plaintiff's immediate supervisors on the latter date were District Manager Nicholas Frommelt ("Frommelt") and Regional Manager Dave Rodely ("Rodely"). Both were younger than Plaintiff.

**ANSWER:** Defendant GSK denies the allegations against it contained in Paragraph 10.

11. Frommelt displayed hostility to his older employees, including the Plaintiff. In July 2006, Frommelt asked a former District Manager if he had any negative information about Plaintiff and told the former manager that he was trying to "re-align" Plaintiff.

**ANSWER:** Defendant GSK denies the allegations against it contained in Paragraph 11.

12. Plaintiff was terminated without warning a few months later, on October 25, 2006. Plaintiff was then told that a doctor had complained that she was selling "off-label" and, as a result, Defendant had no choice but to terminate Plaintiff.

**ANSWER:** Defendant GSK denies the allegations against it contained in Paragraph 12.

13. The asserted reason for Plaintiff's termination was a pretext for unlawful age discrimination. At the time, no other employee had been terminated for "off-label" selling. In fact, Defendant's employees regularly sold "off-label" during Plaintiff's employment. On more than one occasion, Plaintiff was directed to do so by her manager.

**ANSWER:**   Defendant GSK denies the allegations against it contained in Paragraph 13.

14. Following Plaintiff's termination, another employee – approximately twenty (20) years younger than Plaintiff – was promoted to the position of Professional Sales Representative and assigned to Plaintiff's former sales territory.

**ANSWER:**   Defendant GSK denies the allegations against it contained in Paragraph 14.

15. Plaintiff's termination violated 29 U.S.C. § 621 et seq., which prohibits discrimination in the terms and conditions of employment based on age.

**ANSWER:**   Defendant GSK denies the allegations against it contained in Paragraph 15.

16. Plaintiff's termination was a willful violation of the ADEA, since it was done with malice in that it was intentional, and/or was done in reckless disregard of Plaintiff's rights protected by the ADEA.

**ANSWER:**   Defendant GSK denies the allegations against it contained in Paragraph 16.

17. As a result of the foregoing, Plaintiff has suffered, and continues to suffer, lost wages and pain and suffering.

**ANSWER:**   Defendant GSK denies the allegations against it contained in Paragraph 17.

**AFFIRMATIVE DEFENSES**

Defendant GSK pleads the following affirmative defenses:

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. The complaint is barred because plaintiff failed to exhaust her administrative remedies.

3. Plaintiff's claim is barred, in whole or in part, by the applicable statutes of limitations.

4. The court lacks subject matter jurisdiction over the complaint.

5. Plaintiff has failed to mitigate her damages, if any.

6. Plaintiff's complaint is barred by the doctrines of laches, waiver and/or estoppel.

7. The Complaint is barred, in whole or in part, because plaintiff did not suffer any legally cognizable damages attributable to any allegedly wrongful conduct.

8. Plaintiff's claim is barred, in whole or in part, to the extent that it exceeds the scope of or is inconsistent with the charge of discrimination she filed with the Equal Employment Opportunity Commission.

9. Defendant GSK was never the employer of the Plaintiff and claims against it are barred in whole or in part because GSK is not subject to liability under the Age Discrimination in Employment Act for purposes of this action.

10. To the extent GSK is deemed to be a successor to Reliant, GSK also adopts all of the affirmative defenses pleaded by Reliant in its answer to the Complaint.

11. To the extent GSK is deemed to be a successor to Reliant, plaintiff's remedies are limited.

12. Plaintiff is barred from receiving a double recovery against both Defendant GSK and Defendant Reliant.

        Respectfully Submitted,

        GlaxoSmithKline

By:   /s/ Stephanie A. Scharf
       One of its Attorneys
       Stephanie A. Scharf - Atty. No.: 06191616
       Joan E. Slavin – Atty. No.: 6207633
       Schoeman Updike Kaufman & Scharf
       333 W. Wacker Dr., Suite 300
       Chicago, IL 60606
       Telephone: (312) 726-6000
       Facsimile: (312) 726-6045