### THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| JENNIFER BREVOORT,               ) | |
|                                ) | |
|            Plaintiff,       ) | |
|                                ) | |
|       vs.                    ) | Case No.:  08 CV 0105 |
|                                ) | |
| RELIANT PHARMACEUTICALS, INC.    ) | Judge Castillo |
| and GLAXOSMITHKLINE, Successor to   ) | Magistrate Judge Brown |
| Reliant,                            ) | |
|                                ) | |
|           Defendants.     ) | |

### DEFENDANT RELIANT PHARMACEUTICALS, INC.'S
### ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT

Defendant Reliant Pharmaceuticals, Inc. ("Reliant"), for its answer to Plaintiff's First Amended Complaint, states as follows in answer to the allegations against it.  In response to every allegation, Reliant states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations against Defendant GSK.

1.      This is an action for damages and declaratory and injunctive relief to redress deprivations of Plaintiff's rights in violation of the Age Discrimination in Employment Act ("ADEA"), as amended, 29 U.S.C. § 621 et seq.

**ANSWER:**    Defendant Reliant admits that this action seeks to recover damages, declaratory, and injunctive relief under the Age Discrimination in Employment Act, as amended, 29 U.S. C. § 621 et seq., but denies every other allegation against it in Paragraph 1.

2.      Jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 626(c)(1) and 28 U.S.C.  §§ 1331 and 1343(3).

**ANSWER:**    Defendant Reliant states that whether the court has subject matter jurisdiction is a legal matter that does not require an answer.

3.    The unlawful employment practices that are the subject of this lawsuit occurred in the Northern District of Illinois. Venue is, therefore, proper within this judicial district.

**ANSWER:**    Defendant Reliant admits that venue is proper within this judicial district, but denies every other allegation against it in Paragraph 3.

4.    Plaintiff JENNIFER BREVOORT is a forty-one (41) year old citizen of the United States and a resident of the State of Illinois.  Plaintiff was employed by Defendant from May 2003 to October 25, 2006 and, at all times relevant herein, was an employee within the meaning of 28 U.S.C. § 630(f).

**ANSWER:**    Defendant Reliant admits, upon information and belief, that Plaintiff Jennifer Brevoort is a forty-one year old citizen of the United Sates and a resident of the State of Illinois. Defendant Reliant admits that it employed Plaintiff from May 2003 to October 25, 2006. Whether Plaintiff, at all times relevant herein, was an employee within the meaning of 28 U.S.C. §630 (f) is a legal matter that does not require an answer.

5.    At all times relevant here, Defendant Reliant was headquartered at 110 Allen Road, Liberty Corner, New Jersey and was authorized to do business in the State of Illinois. Defendant was Plaintiff's employer within the meaning of 29 U.S.C. § 630(b). Reliant was acquired by GlaxoSmithKline, headquartered at One Franklin Plaza, Philadelphia, Pennsylvania, who is also named as a defendant herein.  GlaxoSmithKline is Reliant's successor for purposes of this lawsuit. Collectively, Reliant and GlaxoSmithKline are referred to as "Defendant" in this First Amended Complaint.

**ANSWER:**    Defendant Reliant admits that, during Plaintiff's employment, it was headquartered at 110 Allen Road, Liberty Corner, New Jersey, and was authorized to do business in the State of Illinois.  Whether Defendant was Plaintiff's employer within the meaning of 29 U.S.C. §630(b) and whether Defendant GSK is Defendant Reliant's successor under the ADEA for purposes of this case are legal matters that do not require an answer.  Defendant admits that it was acquired by GlaxoSmithKline ("GSK"), headquartered at One Franklin Plaza, Philadelphia, Pennsylvania, that GSK is also named a defendant in this complaint, and that Plaintiff collectively refers to Reliant and GSK as Defendant. Defendant Reliant denies every other allegation against it contained in Paragraph 5.

6.        On November 7, 2006, Plaintiff timely filed a charge of age discrimination (Charge No. 440-2007-00940) with the Equal Employment Opportunity Commission ("EEOC"), which was cross-filed with the Illinois Department of Human Rights.  Plaintiff, thus, exhausted her administrative remedies under the ADEA.

**ANSWER:**    Defendant Reliant admits that on November 7, 2006, Plaintiff filed a charge of age discrimination with the Equal Employment Opportunity Commission, and admits upon information and belief, that this charge was cross-filed with the Illinois Department of Human Rights.  Defendant denies every other allegation against it contained in Paragraph 6.

7.        The EEOC found reasonable cause to believe that Defendant discriminated against Plaintiff and issued a Notice of Right-to-Sue on October 18, 2007.  A copy of the applicable Notice is attached hereto as Exhibit A and made a part hereof.

**ANSWER:**    Defendant Reliant admits that the EEOC issued Plaintiff a Right to Sue notice on October 18, 2007, a copy of which is attached as Exhibit A to the Complaint.

Defendant denies every other allegation against it contained in Paragraph 7, and specifically

denies that the EEOC found reasonable cause that Defendant discriminated against Plaintiff.

8.      Plaintiff filed this lawsuit pro se within ninety (90) days of receipt of the Notice

of Right-to-Sue referenced above.

**ANSWER:**    Defendant Reliant admits the allegations contained in Paragraph 8.

9.      Defendant hired Plaintiff in May 2003.  Plaintiff was terminated as a Professional

Sales Representative on October 25, 2006.

**ANSWER:**    Defendant Reliant admits the allegations contained in Paragraph 9.

10.      Plaintiff's immediate supervisors on the latter date were District Manager

Nicholas Frommelt ("Frommelt") and Regional Manager Dave Rodely ("Rodely").  Both were

younger than Plaintiff.

**ANSWER:**    Defendant Reliant admits that Plaintiff's immediate supervisor on October

25, 2006 was Nicholas Frommelt, and that Nicholas Frommelt and Regional Manager Dave

Rodely are younger than Plaintiff.  Defendant denies every other allegation against it contained

in Paragraph 10.

11.      Frommelt displayed hostility to his older employees, including the Plaintiff.  In

July 2006, Frommelt asked a former District Manager if he had any negative information about

Plaintiff and told the former manager that he was trying to "re-align" Plaintiff.

**ANSWER:**    Defendant Reliant denies every allegation against it contained in

Paragraph 11.

12.      Plaintiff was terminated without warning a few months later, on October 25,

2006. Plaintiff was then told that a doctor had complained that she was selling "off-label" and, as

a result, Defendant had no choice but to terminate Plaintiff.

**ANSWER:**    Defendant Reliant admits that Plaintiff was terminated on October 25, 2006, that she was told at her termination that a doctor had complained that she was selling off-label, that off-label marketing was against company policy and is against federal law, that the plaintiff had previously been instructed not to market-off-label, and she was terminated for marketing off-label.  Defendant Reliant denies every other allegation against it contained in Paragraph 12.

13.    The asserted reason for Plaintiff's termination was a pretext for unlawful age discrimination.  At the time, no other employee had been terminated for "off-label" selling.   In fact, Defendant's employees regularly sold "off-label" during Plaintiff's employment.  On more than one occasion, Plaintiff was directed to do so by her manager.

**ANSWER:**    Defendant Reliant is without knowledge or information sufficient to form a belief as to the truth of the allegation that, at the time of Plaintiff's termination, no other employee had been terminated for off-label selling, and states that at least one other employee was terminated for off-label selling in 2006.  Defendant Reliant denies every other allegation against it contained in Paragraph 13.

14.  Following Plaintiff's termination, another employee – approximately twenty (20) years younger than Plaintiff – was promoted to the position of Professional Sales Representative and assigned to Plaintiff's former sales territory.

**ANSWER:**    Defendant Reliant denies that a person twenty years younger than the Plaintiff was promoted to the position of Professional Sales Representative following the Plaintiff's termination and asserts that a person older than the Plaintiff was promoted to the position of Professional Sales Representative following the Plaintiff's termination.  The territory

previously assigned to the Plaintiff was taken over by a younger employee.  Defendant Reliant

denies every other allegation against it contained in Paragraph 14.

15.    Plaintiff's termination violated 29 U.S.C. § 621 et seq., which prohibits

discrimination in the terms and conditions of employment based on age.

**ANSWER:**    Defendant Reliant denies every allegation against it contained in

Paragraph 15.

16.    Plaintiff's termination was a willful violation of the ADEA, since it was done

with malice in that it was intentional, and/or was done in reckless disregard of Plaintiff's rights

protected by the ADEA.

**ANSWER:**    Defendant Reliant denies every allegation against it contained in

Paragraph 16.

17.    As a result of the foregoing, Plaintiff has suffered, and continues to suffer, lost

wages and pain and suffering.

**ANSWER:**    Defendant Reliant denies every allegation against it contained in

Paragraph 17.


**AFFIRMATIVE DEFENSES**

Defendant Reliant pleads the following affirmative defenses:

1.    Plaintiff has failed to state a claim upon which relief may be granted.

2.    Plaintiff has failed to mitigate her damages, if any.

3.    Defendant had a legitimate, non-discriminatory basis for any decisions regarding

plaintiff's employment.

4.    Plaintiff's Complaint is barred by the doctrines of laches, waiver and estoppel.

5.    The Complaint is barred because plaintiff failed to exhaust her administrative remedies.

6.    Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

7.    The Complaint is barred because plaintiff did not suffer any legally cognizable damages attributable to any allegedly wrongful conduct by Reliant.

8.    The defendant cannot be held liable for alleged discrimination on the basis of age because plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by the defendant to otherwise avoid harm.

9.    At all relevant times, the defendant had in place a policy prohibiting discrimination on the basis of age and had in place procedures for reporting acts of discrimination to Reliant.  Although plaintiff was aware of Reliant's policies and procedures relating to the reporting of discrimination, she failed to report acts of alleged discrimination to the defendant.

10.    Plaintiff's claims are barred, in whole or in part, to the extent that they exceed the scope of or are inconsistent with the charge of discrimination plaintiff filed with the Equal Employment Opportunity Commission.

11.    Defendant's actions with respect to plaintiff were job-related and consistent with business necessity.

12.    Defendant's actions with respect to the plaintiff were based upon a reasonable factor other than age.

13.    Plaintiff cannot recover punitive damages because, at all relevant times, Defendant made a good-faith effort to comply with all applicable anti-discrimination statutes.

14.     Plaintiff's damages are barred in whole or in part by the doctrine of after-acquired

evidence.

15.     Plaintiff engaged in misconduct or wrongful conduct and/or illegal conduct in the

course of performing her job duties.

16.     Plaintiff is barred from receiving a double recovery against both Defendant GSK

and Defendant Reliant.

**WHEREFORE,** Defendant Reliant demands judgment dismissing the Complaint against

it, and awarding to Reliant the attorneys' fees, costs and disbursements of this action and such

other relief as the Court may deem appropriate.


                                        Respectfully Submitted,

                                        Reliant Pharmaceuticals, Inc.


                            By:     /s/  Stephanie A. Scharf
                                        One of its Attorneys
                                        Stephanie A. Scharf - Atty. No.:  06191616
                                        Joan E. Slavin – Atty. No.: 6207633
                                        Schoeman Updike Kaufman & Scharf
                                        333 W. Wacker Dr., Suite 300
                                        Chicago, IL 60606
                                        Telephone: (312) 726-6000
                                        Facsimile: (312) 726-6045