IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JENNIFER BREVOORT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | NO.   08 CV 0105 |
| | ) | |
| RELIANT PHARMACEUTICALS, INC. | ) | Honorable Judge Ruben Castillo |
| and GLAXOSMITHKLINE, Successor to | ) | |
| RELIANT PHARMACEUTICALS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

JOINT INITIAL STATUS REPORT

Pursuant to this Court's instructions for Initial Status Report, Plaintiff Jennifer Brevoort and Defendants Reliant Pharmaceuticals, Inc. ("Reliant") and SmithKline Beecham Corporation d/b/a GlaxoSmithKline ("GSK") submit the following Initial Status Report.

   A.   Nature of the Case

   1.   Description of Claim and Defense.   This is a case alleging age discrimination brought under the Age Discrimination in Employment Act (ADEA).  Plaintiff was employed by Defendant Reliant as a Pharmaceutical Sales Representative from May 2003 until her termination on October 25, 2006.  Plaintiff claims that her termination was on the basis of her age, 41.  Defendants deny age discrimination and state that Reliant terminated Plaintiff's employment due to her improper off-label marketing of a prescription medical product.  There are no counterclaims filed by Defendants against the Plaintiff in this action.  All parties in this case have been served.

   2.   Basis for Federal Jurisdiction.   Jurisdiction for this action is predicated on the

ADEA, 29 U.S.C. §§ 601 *et seq.* and 28 U.S.C. §§ 1331 and 1343(3).

3. <u>Relief Sought by Plaintiff</u>. Plaintiff seeks damages, including lost wages and stock appreciations, liquidated damages, costs and attorneys' fees. Plaintiff has estimated the value of her claims to be at least $250,000.

4. <u>Major Legal Issues</u>. Defendants offer the issues of whether Plaintiff can demonstrate a triable *prima facie* case or raise a genuine issue of fact on each material issue, whether Defendants can articulate a legitimate, non-discriminatory reason for Plaintiff's termination such as Plaintiff's improper off-label marketing of a prescription medical product, and whether Plaintiff can prove that Defendant's articulated non-discriminatory reason for Plaintiff's termination is a pretext for age discrimination. Plaintiff contends that the ultimate issue is: whether Defendant's articulated reason for discharge is a pretext for unlawful age discrimination or whether Plaintiff's termination was based on mixed motives. Plaintiff also submits that willfulness is an issue in this case.

5. <u>Major Factual Issues</u>. Plaintiff offers the following factual issues: the motive(s) for her termination, whether Plaintiff was treated differently in the terms and conditions of her employment, including her termination, because of her age and if so, the appropriate measure of Plaintiff's damages. Defendant offers the following ultimate issue of fact: whether Defendant terminated Plaintiff because of her improper off-label promotion or if Defendant terminated Plaintiff because of her age, and if the latter, whether she suffered legally cognizable damages.

6. <u>Key Authorities for Plaintiff</u>. Plaintiff will provide relevant authorities at a later date.

7. <u>Key Authorities for Defendants</u>. Key authorities include, among others, <u>Luks v.</u>

Baxter Healthcare Corp., 467 F.3d 1049 (7th Cir. 2006), cert. denied, 127 S.Ct. 2251 (2007); Lewis v. Ziker Cleaners, 182 Fed.Appx. 577 (7th Cir. 2006); Schultz v. Varian Medical Systems, Inc., 315 F.Supp.2d 923 (N.D. Ill. 2004); Miller v. Administar Federal, Inc., 179 Fed. Appx. 967 (7th Cir. 2006); Kodl v. Board of Education, 490 F.3d 558 (7th Cir. 2007); Mikicich v. Chicago Mercantile Exchange, Inc., 2006 WL 1519327 (N.D. Ill. 2006); Davico v. GSK, 2007 WL 2984014 (D. Or. 2007); Ramirez v. Boehringer Pharmaceuticals, 425 F.3d 67 (1st Cir. 2005).

    B.  Draft Scheduling Order

| Event | Date |
| --- | --- |
| Joinder and Amendment of Pleadings | Completed |
| Close of Fact Discovery | December 1, 2008 |
| Summary Judgment Motions Filed | February 2, 2009 |
| Close of Expert Discovery (if needed) | January 2, 2009 |
| Joint Pretrial Order | 30 days after summary judgment motions decided |
| Trial | To be set by the Court |

The parties agree that documents and information provided by Defendants to Plaintiff which contain either personnel information relating to employees other than Plaintiff or confidential business information will be produced pursuant to an appropriate protective order. A protective order will also extend to Plaintiff's financial records and to information regarding Plaintiff's job search efforts and interim employment.

    C.  Trial Status.  Plaintiff has requested a jury trial in this case.  If the case proceeds to trial, the parties estimate that the trial will take three to five days.

   D. <u>Consent to Proceed Before A Magistrate Judge</u>. At this time, the parties have not jointly consented to proceed before a Magistrate Judge.

   E. <u>Settlement Status</u>. The plaintiff and defense counsel have discussed settlement but are unable to reach an agreement at this time.

Respectfully submitted:

| | |
|---|---|
| Jennifer Brevoort, Plaintiff | Reliant Pharmaceuticals, Inc. and SmithKline Beecham Corporation d/b/a Glaxosmithkline, Defendants |
| By: /s/ Laurie E. Leader | By: /s/ Stephanie A. Scharf |
| Laurie E. Leader<br>Chicago Kent Law Offices<br>565 West Adams Street<br>Suite 600<br>Chicago, IL 60661<br>Telephone: (312) 906-5048<br>Facsimile: (312) 906-5299<br>Attorney for Plaintiff | Stephanie A. Scharf – Atty. No.: 06191616<br>Joan E. Slavin – Atty. No.: 6207633<br>Schoeman Updike Kaufman & Scharf<br>333 W. Wacker Drive, Suite 300<br>Chicago, IL 60606<br>Telephone: (312) 726-6000<br>Facsimile: (312) 726-6045<br>Attorneys for Defendant |